DA 14-0261

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 27N

IN THE MATTER OF:

J.M., N.M., E.M., and J.S.,

    Youths in Need of Care.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District, In and For the County of Missoula, Cause Nos. DN 12-04, DN 12-05, DN 12-06, and DN 12-07 Honorable Edward P. McLean, Presiding Judge |

COUNSEL OF RECORD:

    For Appellant:

        Julie Brown, Montana Legal Justice, PLLC, Missoula, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General; Tammy K Plubell, Assistant Attorney General, Helena, Montana

        Kristen Pabst, Missoula County Attorney; Matthew Lowy, Deputy County Attorney, Missoula, Montana

Submitted on Briefs: December 24, 2014
                  Decided: January 27, 2015

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 T.M. (Mother) appeals from the orders entered by the Fourth Judicial District Court, Missoula County, terminating her parental rights in her minor children, J.M., N.M., E.M., and J.S., and granting legal custody to the Department of Public Health and Human Services (Department). The issue on appeal is whether the District Court erred by determining that Mother's conduct or condition rendering her unfit to parent was unlikely to change within a reasonable time, and abused its discretion by terminating her parental rights.[1]

¶3 On December 14, 2011, the Department received a report of child neglect concerning Mother and, her youngest child, J.S. The report indicated that J.S. had been left in the care of a woman for two weeks, he needed medical attention, and the woman was unable to locate Mother. The Department investigated and learned that Mother had a history of leaving her children with other adults for long periods of time, illegal drug use,

---

[1] The parties also address an additional issue: whether the District Court abused its discretion by finding that Mother would be incarcerated for over a year. Because the stated issues are dispositive, we do not address the additional issue.

and violent behavior. The Department located Mother and she voluntarily agreed to relinquish temporary care of the children.

¶4 On October 29, 2012, the District Court approved a phase I treatment plan for Mother. The treatment plan required, among other things, that Mother abstain from illegal drugs, address her mental health issues, and complete inpatient treatment at Elkhorn Treatment Center, where Mother was ordered to attend under a Department of Corrections commitment. In February 2013, Mother entered Elkhorn and, during her time there, received multiple reprimands from the staff, including: five class II write-ups, thirty-five class III write-ups, and two sanctions to jail. Mother's counselor explained to Mother that if she did not alter her behavior, prior to her transition into the Missoula Pre-Release Center, she was going to jeopardize the possibility of regaining her children.

¶5 On October 11, 2013, Mother completed the treatment program at Elkhorn and was transferred to the Missoula Pre-Release Center. The District Court approved a phase II treatment plan, which required Mother to comply with all the requests and requirements of the Missoula Pre-Release Center. On December 21, 2013, Mother received two class II write-ups for medication abuse and possessing stolen property. On December 26, 2013, the Missoula Pre-Release Center discharged Mother from the program based on her multiple violations at the center. On March 28, 2014, the District Court terminated the parent-child relationship between Mother and her children.

¶6 Pursuant to § 41-3-609(1)(f), MCA, the court may terminate the parent-child relationship if the child is an adjudicated youth in need of care and both of the following exist: (1) an appropriate treatment plan has been approved by the court and has not been

3

successfully completed by the parent; and (2) the conduct or condition of the parent rendering them unfit is unlikely to change within a reasonable time.

¶7     Although Mother concedes that her children were adjudicated youths in need of care and she did not successfully complete her treatment plan, Mother contends the court erred by finding that her conduct rendering her unfit was unlikely to change within a reasonable time.   Mother offers that "the condition or conduct that had caused the removal of [Mother's] children from her care, the use of illegal substances, had already changed" and the "State did not present substantial evidence to demonstrate that it was likely that [Mother] would revert back to drug-using behaviors."

¶8     We conclude that substantial evidence supports the District Court's determination. Mother received multiple write-ups at Elkhorn for her inappropriate conduct.   Counselors warned Mother that if she did not change her behavior she would jeopardize her success at the Missoula Pre-Release Center, and jeopardize the likelihood of regaining custody of her children.   Mother continued with the same pattern of behavior at the Missoula Pre-Release Center and was discharged for multiple violations.   While Mother did maintain her sobriety in a structured environment, she failed to address the underlying behavior that interfered with her ability to successfully parent.   The District Court did not err by finding that Mother's conduct rendering her unfit to parent was unlikely to change within a reasonable time.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.   The

4

District Court's findings of fact are supported by substantial evidence, and there was clearly no abuse of discretion by the District Court on issues of discretion.

¶10    Affirmed.


/S/ JIM RICE

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON